Filed 7/17/13  P. v. Yin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>　　v.<br><br>SARITH YIN,<br><br>　Defendant and Appellant. | G046831<br><br>(Super. Ct. No. 11CF2822)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Francisco P. Briseño, Judge.  Affirmed as modified.

J. Courtney Shevelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　　\*　　　　　\*

Defendant Sarith Yin was convicted of murder for the benefit of a criminal street gang (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(22); count one), active participation in a criminal street gang (§ 186.22, subd. (a); count two), and felon in possession of a firearm (former § 12021, subd. (a)(1);[2] count three). The jury found defendant's possession of a firearm was for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and defendant intentionally discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)). Defendant waived his right to a jury trial on his prior conviction allegations and, in a subsequent proceeding, the court found defendant suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction. (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1) [same].) The court sentenced defendant to life in prison without the possibility of parole, with a consecutive term of 30 years to life. The court imposed concurrent terms on counts two and three. On appeal, defendant contends the evidence was insufficient to demonstrate the primary activities required to establish his gang was a criminal street gang and the trial court erred in failing to stay the sentence on the gang charge pursuant to section 654. (*People v. Mesa* (2012) 54 Cal.4th 191.) We agree with his second issue. We will therefore order the sentence on count two stayed pursuant to section 654 and affirm the judgment as modified.

I

FACTS

Due to the issues presented on appeal, the facts are stated in a truncated manner. The facts pertaining to the primary activities of defendant's gang, We Don't Care (WDC), are set out in the discussion.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Former section 12021, subdivision (a)(1) was repealed and reenacted as section 29800, subdivision (a)(1) without substantive change. (Stats. 2010, ch. 711, § 4.)

On January 10, 2010, defendant was an active gang member of the WDC criminal street gang. He and other gang associates and members of an allied criminal street gang, Tiny Rascals Gang (TRG), confronted a number of males about a half an hour after an earlier confrontation wherein at least one of the other males claimed "Surenos." The gang expert testified most Hispanic gangs in the area of the shooting would be rivals of WDC and TRG.

As defendant and his group approached the others, John "Beaver" Saway yelled "TRG," and started shooting a .45-caliber semiautomatic pistol, killing Juan Carlos Rodriguez, one of the other group. Police recovered six .45-caliber casings and five .40-caliber casings from the scene.

Defendant had lunch with his brother the day after the incident. Defendant talked about the shooting. He said he was a shooter and he and "Beaver" should be hired as hit men. Defendant said he and Beaver "got our work done." He said he used a .40-caliber. Defendant's brother said he has seen defendant with shiny, black .40-caliber handgun.

II

DISCUSSION

*Primary Activities of the Gang*

The special circumstance allegation (§ 190.2, subd. (a)(22)), the gang enhancement (§ 186.22, subd. (b)(1)), the firearm enhancement (§ 12022.53, subds. (d), (e)(1)), and count two (§ 186.22, subd. (a)), each required proof that WDC was a criminal street gang. Section 186.22 defines a criminal street gang as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually

3

or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subd. (f).)

"[T]he 'criminal street gang' component of [these sentencing allegations and offense] requires proof of three essential elements: (1) that there be an 'ongoing' association involving three or more participants, having a 'common name or common identifying sign or symbol'; (2) that the group has as one of its 'primary activities' the commission of one or more specified crimes; and (3) the group's members either separately or as a group 'have engaged in a pattern of criminal gang activity.' (*People v. Gardeley* (1996) 14 Cal.4th 605, 617 (*Gardeley*).)" (*People v. Vy* (2004) 122 Cal.App.4th 1209, 1222.)

"The phrase 'primary activities,' as used in the gang statute, implies that the commission of one or more of the statutorily enumerated crimes is one of the group's 'chief' or 'principal' occupations. [Citation.]" (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 323.) Among the statutorily enumerated offenses listed in section 186.22 are "[t]heft and unlawful taking or driving of a vehicle, as defined in Section 10851 of the Vehicle Code" (§ 186.22, subd. (e)(25)), and prohibited possession of firearms (§ 186.22, subd. (e)(31)). Defendant contends the evidence in this matter was insufficient to prove WDC was a criminal street gang because the evidence failed to demonstrate the gang has as one of its primary activities violations of section 10851 of the Vehicle Code and illegal possession of firearms, and thus the evidence does not support his conviction for active participation in a criminal street gang and the true findings on the special circumstance, the firearm enhancement, and the gang enhancement. He finds no other fault with the evidence in this case.

"'In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Steele*

(2002) 27 Cal.4th 1230, 1249.) We must accept all assessments of credibility made by the trier of fact and determine if substantial evidence exists to support each element of the offense. (See *People v. Carpenter* (1997) 15 Cal.4th 312, 387.) We presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We may reverse for lack of substantial evidence only if "'upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) In making this inquiry, it is important to note we do not ask ourselves whether *we* believe the evidence established guilt beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.) "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.]" (*Id*. at p. 319.) "The standard of review is the same when the prosecution relies mainly on circumstantial evidence. [Citation.]" (*People v. Valdez* (2004) 32 Cal.4th 73, 104.)

Detective Matthew McLeod, a detective assigned to the Santa Ana Police Department's gang homicide unit, testified as a gang expert at trial. He has been a police officer for 16 years, the last 11 of which were with the Santa Ana Police Department. He described his experience in connection with criminal street gangs and said he has testified as a gang expert "no less than 30 times." McLeod said he was familiar with WDC and described its origins and evolution. He has investigated crimes by WDC members and crimes against them. According to McLeod, WDC had approximately 20 to 25 documented members at the time of the charged incident, of which 10 to 15 were out of custody at the time. He further testified WDC is a criminal street gang that has as its primary activities "violations of [section] 10851 of the California Vehicle Code, or vehicle theft, driving without the owner's permission, as well as [illegal] firearms possession." He based his opinion on documentation he reviewed throughout his career and discussions with other detectives and criminal street gang members.

5

Additionally, the prosecution introduced evidence of two convictions of WDC members. Seyha Leang, a member of WDC, was convicted for being an active participant in WDC in May 2004. James Scott, another member of WDC, was convicted for illegally possessing a firearm in May 2004.

In *People v. Gardeley* (1996) 14 Cal.4th 605, our Supreme Court held a gang expert's testimony may form the basis for a jury's determination that a gang meets the statutory definition of a criminal street gang. (*Id.* at p. 620.) The court later held in *Sengpadychith*, that while "[s]ufficient proof of the gang's primary activities might consist of evidence that the group's members *consistently and repeatedly* have committed criminal activity listed in the gang statute. Also sufficient might be expert testimony, as occurred in *Gardeley* . . . ." (*People v. Sengpadychith*, *supra*, 26 Cal.4th at p. 324.)

Defendant argues the gang expert's testimony was insufficient to establish the primary activities of WDC. Defendant's reliance on our earlier opinion in *In re Alexander L.* (2007) 149 Cal.App.4th 605, is misplaced. In *Alexander L.*, we found the evidence did not support a determination that the gang in that case had as one of its primary activities commission of an enumerated offense. The reason for that conclusion was that the expert, when asked about primary activities of the gang, merely stated he was aware the gang had been involved in certain crimes. (*Id.* at p. 611.) A year later, this court decided *People v. Martinez* (2008) 158 Cal.App.4th 1324. In *Martinez*, we rejected the defendant's contention that the evidence of the gang's primary activities was insufficient. We distinguished *Alexander L.*, where the expert did not directly testify the crimes committed by the gang constituted one of its primary activities, with the situation in *Martinez*, where the gang expert testified he was familiar with the defendant's gang and specifically testified as to the gang's primary activities. (*Id.* at p. 1330.)

As in *Martinez*, the gang expert in the present case was familiar with WDC and specifically testified to the crimes that constitute WDC's primary activities. The additional evidence consisting of a prior conviction of a WDC gang member for unlawful

6

possession of a firearm and defendant's unlawful possession of a firearm in the present matter supported the gang expert's testimony. Accordingly, we find the jury was entitled to conclude WDC is a criminal street gang.

*Section 654*

The trial court sentenced defendant to a four-year term on his conviction for active participation in a criminal street gang (§ 186.22, subd. (a); count two) and ordered that term to run concurrent with his sentence on the murder conviction. He contends the trial court erred in failing to stay the sentence on the gang charge pursuant to section 654. (*People v. Mesa*, *supra*, 54 Cal.4th at p. 200.) The Attorney General agrees. We accept the concession and order the abstract of judgment be amended to reflect the sentence on count is stayed pursuant to section 654.

### III

### DISPOSITION

The clerk of the court is directed to prepare an amended abstract of judgment reflecting the sentence on count two, violation of section 186.22, subdivision (a) is stayed pursuant to section 654, and to send a certified copy to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

7